**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MICHAEL JAMES HICKS,

Plaintiff,

v.

J. SCHULTZ, et al.,

Defendants.

No. 2:26-cv-1673-DC-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for injunctive relief. See ECF No. 10.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). When a mandatory injunction is sought – one that goes beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." Id. (internal quotations

omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

The Court cannot issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Finally, pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); see also Wonnacott v. Heehn, 2021 WL 970453 (D. Oregon 2021).

Here, Plaintiff states that he is in danger at Mule Creek State Prison, where he has previously been attacked by other inmates, because his commitment offense has become known. See ECF No. 10. Plaintiff also claims that he is subject to being identified as a snitch and attacked by gang members at Mule Creek State Prison. See id. Plaintiff seeks an order that he be housed separately from gang members. See id.

The Court finds that injunctive relief is unavailable. Here, Plaintiff seeks injunctive relief with respect to prison conditions at Mule Creek State Prison, where Plaintiff was housed at the time he filed his motion on July 6, 2026. A review of the docket reflects that Plaintiff has since been transferred to the R.J. Donovan Correctional Facility. See ECF No. 11 (notice of change of address). Because Plaintiff is no longer housed at Mule Creek State Prison, his motion related to the conditions of his confinement at that institution is moot. See Prieser, 422 U.S. at 402-03; Johnson, 948 F.3d at 519.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 10, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE